IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IRVING EDGAR MORA-NAPE,

    Petitioner,

v.                                                               No. 2:21-cv-1123-KWR-SMV

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Irving Edgar Mora-Nape's *pro se* Motion for Hardship Credit for Hard Time Served (Doc. 1) (Motion). Petitioner seeks two days of sentence credit for every one day of "hard time" he serves in federal prison. Having reviewed the record and applicable law, the Court will deny the Motion and dismiss any 28 U.S.C. § 2241 habeas or civil rights claims for lack of jurisdiction.

## BACKGROUND

In 2021, Petitioner pled guilty to reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a), (b). *See* CR Doc. 16 in 21-cr-00465-DN. The Court (Hon. David Nuffer, Visiting) sentenced him to 27 months in prison. *See* CR Doc. 32 in 21-cr-00465-DN. Judgment was entered on June 29, 2021. *Id.* Petitioner is currently incarcerated at FCI Victorville in Adelanto, California. *See* https://www.bop.gov/inmateloc/. In the instant Motion, Petitioner contends the conditions of confinement at his prison[1] constitute cruel and usual punishment. He allegedly spent

---

[1] The Motion identifies Petitioner's current prison as Giles W. Dalby Correctional Facility in Texas, rather than FCI Victorville. It appears Petitioner has been incarcerated in FCI Victorville since the Motion was filed. *See* Doc. 1; https://www.bop.gov/inmateloc/. The Court assumes Petitioner intends to discuss his

over a year in lockdown; the water is discolored; and he has limited access to medical care or hygiene supplies. *See* Doc. 1 at 2-3. Based on these issues, Petitioner asks the Court to reduce his sentence and award two days of credit for every one day served. *Id.* at 3.

## DISCUSSION

District courts do "not have inherent power to resentence defendants" or modify criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a defendant's sentence … in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* There is no federal statute that permits shorter sentences for inmates serving "harder" time in certain prisons. *See U.S. v. Herrera*, 2018 WL 6171888, at *1 (D.N.M. Nov. 26, 2018) (denying identical motion for hard time served); *U.S. v. Green*, 2021 WL 1929552, at *1 (S.D. Ga. May 13, 2021) (same); *U.S. v. Mitchell*, 2021 WL 1827202, at *1 (E.D. Mich. May 7, 2021) (same); *U.S. v. Huy Trinh*, 2017 WL 2242683, at *2 (N.D. Cal. May 23, 2017) (same); *U.S. v. Bear*, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021) (there is "no federal statute … that would allow a prisoner to receive two days credit for each day served on a sentence due to the conditions of confinement"). Accordingly, the Court must deny the request to amend Petitioner's sentence.

To the extent the Motion can be construed as an attack on the calculation of Petitioner's sentence under 28 U.S.C. § 2241, the Court lacks jurisdiction to grant relief. *See Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle ... for attacking the execution of a sentence."). When a pleading seeks a shorter sentence under § 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S.

---

conditions at FCI Victorville, but the location of the prison does not change this ruling.

426, 443 (2004).  *See also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.").  A similar rule applies to Petitioner's allegations regarding his conditions of confinement.  If an inmate wishes to "challenge[] his conditions of … confinement," he "must do so through a civil rights action" in the district of confinement.  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).  FCI Victorville is located in San Bernadino County, in the Central District of California, Eastern Division.  *See* 28 U.S.C. § 84(c) (noting "[t]he Central District [of California] comprises 3 divisions" and that the "Eastern Division [of the Central District] comprises the counties of Riverside and San Bernadino").  Any 28 U.S.C. § 2241 habeas challenge to the execution of Petitioner's sentence or civil rights complaint under 42 U.S.C. § 1983 must be filed in that California Federal Court.  For these reasons, the Court will deny Petitioner's request to award sentencing credit and dismiss any § 2241 or § 1983 claims without prejudice for lack of jurisdiction.

**IT IS ORDERED** that Petitioner's Motion for Hardship Credit for Hard Time Served (**Doc. 1**) is **DENIED**, except that any request for relief under 28 U.S.C. § 2241 or 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if Petitioner wishes to raise § 2241 habeas claims or § 1983 civil rights claims, he must file the appropriate pleading in the Central District of California, Eastern Division.  The Clerk's Office **SHALL MAIL** Petitioner a blank civil rights complaint and a blank § 2241 petition, if he wishes to file a pleading in California.

**IT IS FINALLY ORDERED** that the Court will enter a judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**